Case 4:16-cv-00681   Document 19   Filed in TXSD on 09/07/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVIE WYRE, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-16-0681 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

# MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 8). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice.

## Background

On March 8, 2013, petitioner Wyre entered a plea of guilty to aggravated sexual assault of a child under fourteen. Following a sentencing hearing, the trial court imposed a sentence of 25 years in prison. The Court of Appeals affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. Wyre's first state application for habeas corpus was dismissed because his direct appeal was pending. On January 27, 2016, his second state application for habeas corpus was denied without written order on the findings of the trial court. Wyre filed this federal petition on March 10, 2016.

## Standard of Review

Wyre's petition is governed by the Antiterrorism and Effective Death Penalty Act of

1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## Analysis

Wyre challenges his conviction on four grounds: (1) trial court error in accepting unsworn victim impact statements as part of the pre-sentence investigation report; (2) ineffective assistance of counsel based on counsel's failure to object to introduction of the unsworn statements; (3) ineffective assistance of counsel based on counsel's failure to object to his sentence as cruel and unusual punishment; and (4) cumulative errors by trial counsel that together meet the standard for ineffective assistance of counsel. The government argues that ground 1 is procedurally barred; grounds 2 and 3 are without merit; and ground 4 is unexhausted and procedurally defaulted.

***Procedural bar***. Wyre contends that the trial court's acceptance of unsworn victim impact statements in his PSI report violated his Constitutional right to confront witnesses and constitutes structural error. The state appellate court addressed and rejected this claim on direct appeal because Wyre's counsel did not object to the letters and did not preserve this

2

issue for review. The appellate court further explained that it was not error to consider the unsworn statements in the context of a PSI report. *See Wyre v. Texas*, No. 01-13-00414CR (Aug. 29, 2014) (Dkt. 14-7).

When the state court expressly relies on an independent and adequate state court ground for a procedural default, such a failure to preserve error, a petitioner on federal habeas review cannot obtain relief absent a showing of cause for the default and actual prejudice, or a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Wyre makes no such showing here. Wyre's first ground for relief should be denied with prejudice.

***Ineffective assistance of counsel.*** To prevail on an ineffective assistance of counsel claim, the petitioner must prove (1) counsel's performance was deficient, and (2) resulting prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Counsel is not required to file frivolous motions or to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Any objection to a 25-year sentence

for aggravated sexual assault of a child under fourteen on 8th Amendment grounds would be frivolous because the statutory punishment range for such an offense is 5-99 years or life in prison. TEX. PENAL CODE ANN. § 22.021. The state courts rejected Wyre's claim of cruel and unusual punishment on direct appeal and habeas review. Dkt. 14-7 at 7; Dkt. 14-20 at 61. Wyre has failed to show that counsel's performance was deficient for failing to object to his sentence. Wyre's request for federal habeas relief on ground 2 should be denied with prejudice.

Although the state appellate court rejected Wyre's ground 3 argument, *i.e.*, that it was error to admit unsworn victim impact statements in the PSI report, on the basis of a procedural default, the court noted that the admission of the statements was not error. Dkt. 14-7 at 10. The state habeas court ruled that Wyre failed to show that the trial court would have erred in overruling an objection to the statements. Dkt. 14-20 at 61-62. Wyre also has failed here to show that counsel representation fell below an objective standard of reasonableness or caused him prejudice. Thus, Wyre's request for federal habeas relief on ground 3 should be denied with prejudice.

***Lack of exhaustion.*** Habeas relief is unavailable if the applicant fails to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). The government contends that Wyre did not exhaust his state court remedies as to his claim for relief on ground 4. A review of the state court records (Dkts. 14, 15) indicates that Wyre did

not raise on direct appeal or in his state habeas petition the claim that the cumulative effect of trial counsel's errors deprived him of effective assistance of counsel. If he tried to present this claim in a subsequent state application for writ of habeas corpus, it would be barred by the Texas abuse of writ doctrine. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Wyre has not even attempted to show cause for the default or actual innocence. Therefore, ground 4 is procedurally barred from federal review.[1] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

**Conclusion, Recommendation and Order**

For the reasons discussed above, the court recommends that respondent's motion (Dkt. 16) be granted and Wyre's petition be denied with prejudice.

It is also ordered that Wyre's motions for an evidentiary hearing (Dkts. 7, 12) are denied.

Additionally, the court finds that Wyre has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that a certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of

---

[1] The court notes that the only errors Wyre cites in his cumulative effect argument are the same ones he has asserted in his separate ineffective assistance of counsel grounds, and thus the claim, if addressed, would be subject to denial on the merits. Wyre cannot meet the requirements of *Trevino v. Thaler*, 133 S. Ct. 119, 921 (2013) for excusing the procedural default of his ineffective assistance of counsel claim.

factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas on September 7, 2016.

Stephen Wm Smith
United States Magistrate Judge